CORNELIUS MANGOLD v. THE STATE.

No. 4079. Decided May 19, 1909.

**Theft—Jurisdiction—Practice on Appeal—Affidavit.**

Where the order of the court below failed to recite that the appellant gave notice of appeal to the Court of Criminal Appeals, the appeal will be dismissed for want of jurisdiction; and such judgment cannot be corrected nunc pro tunc by affidavit of the clerk on the ground that it is a clerical error.

Appeal from the County Court of Dallas at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of misdemeanor theft; penalty, four months confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft, and his punishment assessed at imprisonment in the county jail for a period of four months.

The Assistant Attorney-General moves the court to dismiss the appeal on the ground that the record shows that defendant excepted to the order overruling the motion for a new trial and gives notice of appeal. The order should have stated that he gave notice of appeal to the Court of Criminal Appeals. The order fails to show this statement, and therefore the Assistant Attorney-General's motion must prevail. Appellant's counsel, however, files a motion here to correct the judgment nunc pro tunc, claiming it was a clerical error on the part of the clerk and affidavits as well to support this contention, but this is a matter we can not review. We only have jurisdiction of cases as they are appealed here as authorized by the statutes of this State.

The motion of the Assistant Attorney-General is sustained, and the appeal is ordered dismissed.

*Dismissed.*